IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BERNICE BROWN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-05-0896-HE |
| | ) | |
| FARMERS INSURANCE COMPANY, INC., | ) | |
| a foreign corp., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Farmers Insurance Company Inc. ("Farmers") has moved to exclude the testimony of plaintiff's witnesses Harvey Lewis, Wayne Schwartz, S. King Ulmer, Ryan Allen and James "Buddy" Ward on the basis of their non-timely designation as expert witnesses and due to no expert report having been submitted as to any of them. Plaintiff responds that Lewis, Schwartz, Allen and Ward will be called only as "fact" witnesses, rather than as experts. She further responds that, while an expert report has not been submitted as to Mr. Ulmer, the combination of inadvertence by her counsel, confusion incident to the change of counsel, and the absence of surprise to defendant (in light of Mr. Ulmer having been deposed) render his exclusion as a witness inappropriate.

In light of plaintiff's statement that witnesses Lewis, Schwartz, Allen and Ward will testify only as fact witnesses, and the fact that they were otherwise appropriately designated as such, no basis for excluding them as fact witnesses appears. As plaintiff correctly notes, a witness may conceivably give both expert and lay testimony. The fact that a particular witness may not be qualified or permitted to give expert testimony does not mean that the

same witness may not offer lay testimony, if it is otherwise admissible. Accordingly, defendant's motion as to those witnesses must be denied. However, the court will be mindful of the requirements of Fed.R.Evid. 701(c), which states that the testimony of a non-expert witness must <u>not</u> be based on scientific, technical, or other specialized knowledge. The language of Rule 701(c) was added in 2000 to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Advisory Committee Notes (2000 Amendments) to Fed.R.Evid. 701. Given the nature of this case, the apparent backgrounds of the proffered witnesses, and the similarity of their proposed testimony to that of Mr. Ulmer,[1] there may well be a significant temptation for plaintiff to attempt to offer more than lay testimony through these witnesses.[2] At trial, assuming timely and proper objection by defendant, the court will vigilantly police the boundaries of appropriate lay testimony.

With respect to S. King Ulmer, plaintiff states her intention to elicit expert testimony from him. She acknowledges he was not timely designated under the court's scheduling order and further acknowledges that no expert report, as contemplated by Rule 26, has been provided. She relies, however, on confusion incident to the substitution of counsel and the

---

[1] *The description of the proposed testimony of these witnesses, as described on plaintiff's final witness list [Doc. #55] is virtually indistinguishable from the description of Mr. Ulmer's testimony, plaintiff's designated (eventually) expert.*

[2] *It is the court's preliminary view that estimates of the cost to repair a roof or make other repairs to a building, by a third-party non-owner, likely involve reliance on "scientific, technical or other specialized knowledge" within the meaning of Rule 701(c).*

fact that Mr. Ulmer has been deposed and that a copy of his files and report to Mr. Lewis have been provided to defendant, with the result that defendant will be neither surprised nor prejudiced by his testimony. She therefore argues that her attorney's failure to provide the appropriate designations and report should not result in the exclusion of the witness.[3]

Although there may have been some prejudice to defendant by reason of plaintiff's failure to provide an expert report,[4] the court concludes, barely, that the failure is harmless within the meaning of Fed.R.Civ.P. 37(c)(1) and that, in the circumstances of this case,[5] the exclusion of Mr. Ulmer's testimony is not warranted. The provision of the referenced report (although not a formal Rule 26 report) and the deposition of Mr. Ulmer avoid surprise to defendant and make other less onerous sanctions appropriate. There must, however, be some consequence to plaintiff's non-compliance with the rules in this regard. Plaintiff will be required to pay defendant's reasonable attorneys fees in connection with defendant's motion [Doc. #63]. Fed.R.Civ.P. 37(c)(1).

Accordingly, defendant's motion to exclude the testimony of witnesses [Doc. #63] is DENIED insofar as it seeks the exclusion of the referenced witnesses, but is GRANTED

---

[3] *The suggestion, at various points in her response, that she "did not get the opportunity" to update her expert designations is, of course, patent nonsense. Plaintiff did not <u>seek</u> to update her designations. She is represented by experienced counsel who know very well that leave to adjust scheduling orders or for relief from them is routinely sought and, in appropriate cases, granted.*

[4] *A proper expert report might have obviated the need for the deposition of Mr. Ulmer or at least reduced the amount of time and resources required for his deposition.*

[5] *The information provided to defendants in the file and report, coupled with the deposition, appear to roughly approximate the information that a formal expert report would include.*

3

insofar as defendant's recovery of its attorneys fees in connection with the motion is concerned. The parties are directed to confer as to the amount of such fees, reach agreement if possible, and advise the court of the agreement by an appropriate filing. If agreement is not reached, defendant is directed to submit a motion for determination of the amount of the fees not later than June 1, 2007.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2007.

JOE HEATON
UNITED STATES DISTRICT JUDGE